THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ENRIQUE AGUILAR-VALENCIA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. C18-0359-JCC

ORDER

This matter comes before the Court on Respondent United States' amended motion[1] for a limited waiver of Petitioner Enrique Aguilar-Valencia's (Petitioner) attorney-client privilege related to his 28 U.S.C. § 2255 petition ("Section 2255 Motion") (Dkt. No. 9).

Petitioner moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 1.) In his Section 2255 Motion, Petitioner asserts three separate ineffective assistance of counsel claims. (*Id.* at 4–7.) First, Petitioner asserts that his former attorney, Peter Camiel, was ineffective because he failed to proceed with a duress defense. (*Id.* at 4.) Second, Petitioner asserts Mr. Camiel gave him defective advice during plea discussions when he suggested Petitioner would be released from custody to aid law enforcement in ongoing investigations. (*Id.* at 5.) Third, Petitioner asserts Mr. Camiel gave him defective advice by

---

[1] Respondent amended its initial motion (Dkt. No. 6) in order to allow Petitioner's counsel an opportunity to respond. (*See* Dkt. No. 9.)

suggesting that a guilty plea would not preclude Petitioner from proving his innocence of the crimes for which he pled guilty. (*Id.* at 7.) On March 14, 2018, the Court ordered Respondent to file and serve its answer to Petitioner's Section 2255 Motion within 45 days, and granted Petitioner's motion to appoint counsel.[2] (Dkt. No. 5.) Counsel was appointed on April 9, 2018 (Dkt. No. 7.)

Respondent now asks the Court to order a limited waiver of Petitioner's attorney-client privilege based on his ineffective assistance of counsel claims. (Dkt. No. 9 at 3.) Respondent asserts that Petitioner waived his attorney-client privilege by attacking Mr. Camiel's performance. (*Id.*) Respondent also asserts Mr. Camiel will not discuss his representation until the Court orders a waiver of the attorney-client privilege. (*Id.* at 3.)

The attorney-client privilege is waived where a litigant puts a lawyer's performance at issue during the course of litigation. *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003). Here, the claims alleged in Petitioner's Section 2255 Motion place his prior counsel's performance directly at issue. (*See* Dkt. No. 1 at 4–7.) It is therefore appropriate to allow a limited waiver of attorney-client privilege in order for Respondent to interview Mr. Camiel and respond to Petitioner's claims.

In accordance with the above rulings, the Court ORDERS as follows:

(1) Petitioner, by raising issues related to the adequacy of his legal representation in his Section 2255 Motion, has waived his attorney-client privilege for the purpose of litigating the claims in his motion. Petitioner has waived the attorney-client privilege with regard to communications, evidence, documents, notes, and other material and information that relate to the allegations set forth in Petitioner's Section 2255 Motion.

(2) Petitioner's prior attorney before the district court, Peter Camiel, is hereby authorized to disclose, to the Government and to the Court, communications, evidence, documents, notes,

---

[2] The Court subsequently granted the Government's unopposed request to extend the response deadline to July 23, 2018. (Dkt. No. 10.)

ORDER
C18-0359-JCC
PAGE - 2

and other material and information regarding his representation of Petitioner, including the substance of otherwise privileged legal conversations and communications with and/or about Petitioner, by way of consultation, affidavit, testimony, or in any other form, that relate to the allegations set forth in Petitioner's Section 2255 Motion.

(3) The evidence provided pursuant to this order shall be used solely for the purpose of litigating Petitioner's Section 2255 Motion and shall not be admissible against Petitioner in any other proceeding. This order shall remain in effect even after the Court has ruled on the Section 2255 Motion. Both parties retain the right to apply to the Court for modification of this order.

DATED this 7th day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE